IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

THOMAS DAVID STEINER,

Defendant.

Civil Action No. 11-89

**MEMORANDUM ORDER**

Defendant filed a motion in limine to limit evidence of defendant's prior convictions under Rules 404(b) and 609 of the Federal Rules of Evidence (ECF No. 107). With respect to evidence under Rule 404(b), this motion is moot. The government, in its motion in limine to admit 404(b) evidence, indicated it intends to offer evidence that defendant was arrested on an outstanding warrant without addressing the specifics of the warrant or underlying charge. (ECF No. 99, at 6.) The court granted the government's motion at the pretrial conference on February 18, 2014.

With respect to evidence under Rule 609, the court must balance the probative value of prior convictions on the issue of credibility against the prejudicial effect to defendant. *United States v. Johnson*, 388 F.3d 96, 101 (3d Cir. 2004). The Court of Appeals for the Third Circuit has identified four factors for district courts to consider: "(1) the kind of crime involved, (2) when the conviction occurred, (3) the importance of the witness' testimony to the case, and (4) the importance of the credibility of the defendant." *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007).

The defendant seeks to prevent the government from offering evidence of the nature of four previous felony convictions: (1) a conviction in 1991 for terroristic threats; (2) a conviction in 1992 for terroristic threats; (3) a conviction in 1993 for burglary, theft, and forgery; and (4) a conviction in 1996 for lewd or lascivious assault

1

upon a child. Because each of these convictions is more than ten years old, the standard applied by the court is found in Rule 609(b):

> This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

The court finds that due to the age and nature of the convictions for terroristic threats and lewd or lascivious assault, the probative value of these convictions for truthfulness does not substantially outweigh the prejudicial effect against defendant. The government will not be permitted to offer evidence about the nature of these convictions.

At this stage, the court will not prohibit the government from offering evidence about the nature of the 1993 conviction for burglary, theft, and forgery to impeach defendant's credibility. This conviction is in the nature of *crimen falsi*, as it involved a dishonest act or false statement. *United States v. Agnew*, 407 F.3d 193, 197 (3d Cir. 2005). This kind of conviction is highly probative because it directly relates to defendant's character for truthfulness. *See United States v. Ollie*, Criminal No. 12-18, 2014 WL 296244, at *2 (W.D. Pa. Jan. 23, 2014) ("[A] conviction for forgery and theft by deception is the kind of crime that is highly probative of truthfulness. . . ."). The age of the conviction, twenty-one years, lowers its probative value and weighs against admissibility. The importance of defendant's testimony and the importance of defendant's credibility are both high.

The defendant will stipulate at trial to having a prior conviction for an offense punishable by imprisonment exceeding one year. This lessens the prejudicial effect of explaining the nature of the crime, as found by at least one district court and affirmed by the Court of Appeals for the Third Circuit:

> "[I]t seems to me that any prejudicial fact—any prejudicial inference, because of a prior conviction—is lessened, by the fact that the jury already knows that he has been convicted of a felony, because of either stipulation or evidence of a prior felony, which is one of the elements of the crime charged. So they already have that in front of them, regardless of this evidence. And therefore, any prejudice to him is lessened, in that regard."

*United States v. Murphy*, 172 F. App'x 461, 464 (3d Cir. 2006) (quoting the trial transcript of the district court). Any prejudice is also lessened by the use of an appropriate limiting instruction.

The court finds, considering all the relevant factors, that the probative value of the burglary, theft, and forgery conviction substantially outweighs the prejudice to the defendant. The court further finds that the government gave reasonable written notice and that defendant had a fair opportunity to contest its use.

Defendant's motion to prohibit the government from impeaching defendant with his prior convictions is denied with respect to the conviction for burglary, theft, and forgery. This determination is without prejudice to defendant to raise this motion again should the facts and circumstances at trial demonstrate that the evidence would be more prejudicial or less probative than is now apparent. Defendant's motion is granted with respect to the convictions for terroristic threats and lewd or lascivious assault.

Dated: February 21, 2014                      /s/ Joy Flowers Conti
                                                               Joy Flowers Conti
                                                                Chief United States District Judge